

FILED

JUN 19 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 08-15001-A-7

MICHAEL ANTHONY BOGGESS

        Debtor.
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING EX PARTE MOTION TO REOPEN CASE
TO SCHEDULE UNSCHEDULED ASSET; REVOKE DISCHARGE;
AND CONVERT TO CHAPTER 13

    Michael Anthony Boggess filed his chapter 7 case on August 19, 2008.  He received his discharge on December 23, 2008.  On May 14, 2009, he filed an "Ex Parte Motion to Reopen Case Pursuant to 11 USC § 105(a), Rule 5010 and 350(b) [sic]."  The Ex Parte Motion states that the debtor moves to reopen his chapter 7 case "for the purposes of scheduling a previously unscheduled asset."  The Memorandum of Points and Authorities attached to the Ex Parte Motion states that the debtor failed to schedule a commission in the amount of $52,055.17.  It goes on to state that he seeks the reopening of his case so that he "may correctly schedule this asset, and convert to a chapter 13."

    However, the proposed order that the debtor submitted in connection with this Ex Parte Motion requests an order that the chapter 7 case is reopened and that "Debtor revokes the chapter 7

39

discharge in order to be able to convert this case to a chapter 13 case, and obtain his discharge through that process."

There is no authority for the debtor to revoke a discharge. Revocation of discharge is governed by Bankruptcy Code § 727(b). That section allows a trustee, a creditor, or the United States Trustee to request revocation of discharge. The United States Bankruptcy Appellate Panel for the Ninth Circuit considered this question in In re Markovich, 207 B.R. 909 (9th Cir. BAP 1997). The Bankruptcy Appellate Panel stated that a debtor does not have standing to vacate his chapter 7 discharge under § 727(d). In accord is Collier on Bankruptcy (15th ed. Rev. 2009) at ¶ 727.15.

Certainly a bankruptcy case may be reopened to administer a previously unscheduled asset. 11 U.S.C. § 350. The debtor who has received a discharge in chapter 7 may file a chapter 13 case. Johnson v. Home State Bank, 501 U.S. 78 (1991).

Therefore, the Ex Parte Motion is granted in part. A separate order will issue.

DATED: June 19, 2009

WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF FRESNO       )

    I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On June 19, 2009, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Neil E. Schwartz, Esq.
4900 California Ave., #B210
Bakersfield, CA 93309

Randell Parker
Chapter 7 Trustee
3820 Herring Road
Arvin, CA 93203

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721

    I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on June 19, 2009, at Fresno, California.

*Kathy Torres*
Kathy Torres, PLS